IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| D'WAYNE BAILEY,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD, DOUGLAS FENDER, MIKE BATISTA, et. al.,<br><br>Respondents. | CV 16-24-GF-BMM-JTJ<br><br>ORDER and FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On March 23, 2016, Mr. Bailey filed a writ for a petition of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Mr. Bailey also filed a Motion for Leave to Proceed in forma pauperis. (Doc. 2.)

**Motion to Proceed In Forma Pauperis**

Mr. Bailey has sufficiently shown that he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

**28 U.S.C. § 2254 Petition**

Mr. Bailey's primary contention is that members of the Montana Department of Corrections, Montana State Prison, and/or Crossroads Correctional Facility have unlawfully deprived him of his personal property. (Doc. 1 at 4-8.) Mr. Bailey

1

provides exhibits in support of his claim. (Docs. 1-1 through 1-13.) Mr. Bailey seeks intervention from this Court in the form of an order directing Respondents to provide copies of his legal, medical, and institutional classification paperwork. (Doc. 1 at 8.)

From a review of the materials provided by Mr. Bailey, it does not appear that a writ under 28 U.S.C. § 2254 is the proper vehicle to attempt to secure the relief he seeks. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Skinner v. Switzer*, 562 U.S. 521, 535 n. 13 (2001). In general, prisoners challenging their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas. It appears, therefore, that Mr. Bailey's claims would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *See Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition."). Mr. Bailey has another

action pending before this Court that has been construed as a civil action under 42 U.S.C. § 1983. *See Bailey v. Batista, et. al.*, CV-16-22-GF-BMM-JTJ. Mr. Bailey will be given the opportunity to file an amended complaint in that matter. He should include all the claims he wishes to make, including the due process/denial of property claim, in that matter. This Court lacks jurisdiction over the instant claims when styled as a habeas petition, and the petition should be dismissed.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction, and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

# ORDER

Mr. Bailey's Motion to Proceed In Forma Pauperis is GRANTED.

# RECOMMENDATIONS

1. The Petition (Doc. 1) should be DENIED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bailey may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Bailey must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 29th day of March, 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.